AKER KVAERNER/IHI, formerly known as Aker Xvaerner, Incorporated, formerly known as Ihi, Incorporated, Plaintiff–Appellant

v.

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA; Associated Electric & Gas Insurance Services, Limited; Allianz Global Risks Us Insurance Company; Commonwealth Insurance Company; Arch Specialty Insurance Company; Navigators Management Company, Incorporated; McLarens Young International, Incorporated; Certain Underwriters at Lloyds London; Millenium Syndicate at · Lloyds 1221; Liberty Syndicate at Lloyds 4472, Defendants–Appellees.

National Union Fire Insurance Company of Pittsburgh Pennsylvania; Associated Electric & Gas Insurance Services, Limited; Allianz Global Risks Us Insurance Company; Commonwealth Insurance Company; Navigators Management Company Incorporated; Arch Specialty Insurance Company, Plaintiffs–Appellees

v.

Aker Kvaerner Ihi, a General Partnership, Defendant–Appellant.

No. 14–30208.

United States Court of Appeals, Fifth Circuit. ·

April 10, 2015.

Lawrence Steven Ebner, Esq., McKenna, Long & Aldridge, L.L.P., Washington, DC, Todd Michael Ammons, Attorney, Stockwell, Sievert, Viccellio, Clements & Shaddock, L.L.P., Lake Charles, LA, Joseph L. Luciana, III, Esq., James Stephen Malloy, Esq., Dingess, Foster, Luciana, Davidson & Chleboski, L.L.P., Pittsburgh, PA, for Plaintiff–Appellant.

Myles Allen Parker, Alexandra Francoise Markov, Robert Douglas Morgan, Esq., Jacob Thomas Evans Stutzman, Esq., Jackson, MS, Roger E. Ishee, Onebane Law Firm, Lafayette, LA, for Defendants–Appellees.

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM: *

Having considered the parties' briefs and the supplemental letter briefs filed pursuant to our directive, we DISMISS this case because the order compelling arbitration is an interlocutory order over which we lack appellate jurisdiction under the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. §§ 201–08, and the Federal Arbitration Act, 9 U.S.C. §§ 1–16. *See Sw. Elec. Power Co. v. Certain Underwriters at Lloyds of London,* 772 F.3d 384 (5th Cir.2014). The motion to amend appellate caption is DENIED as moot.

---

question of whether Tupelo POTW is a legal entity capable of being sued.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

APPEAL DISMISSED; CASE RE-MANDED (to district court); MOTION DENIED.